[No. 17387.     Department One.     January 5, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM TOLOFF, *Appellant.*[1]

CRIMINAL LAW (444)—APPEAL—REVIEW—PREJUDICIAL EFFECT OF ERROR. A conviction of rape will be set aside for errors at the trial, where they were many and the sum total was exceedingly prejudicial; especially where the testimony was very feeble and unpersuasive.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered January 3, 1922, upon a trial and conviction of rape. Reversed.

*LeRoy McCann,* for appellant.

*G. A. Weldon* and *Charles E. Fleming,* for respondent.

PER CURIAM.—Appellant was tried on an information which charged him with an attempt to commit rape.

The information is attacked from many points, but in our opinion, it sufficiently charges the crime and was proper to place appellant upon trial.

A great many errors are assigned on the conduct of the prosecution and the admission and rejection of testimony. It is unnecessary to pass upon each one of these separately, as a recurrence will not in all like-

[1]Reported in 211 Pac. 745.

lihood take place on a new trial, which we are satisfied must be granted.

Many of these assignments of error might not, in themselves, if standing alone, be sufficiently prejudicial to entitle the appellant to a new trial, but the sum total of them was exceedingly prejudicial, especially in view of the fact that the testimony tending to establish his guilt, although it presented a small basis for the jury to determine that he was guilty, was of such a feeble and unpersuasive character that we are of the opinion that it must leave, in the minds of a jury, a reasonable doubt, unless the jury was influenced by matters other than those appearing in the evidence.

Judgment reversed and the cause remanded for new trial.